UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                             :
GREGORY L. HUDSON,                 :
                                          :
              Plaintiffs,      :
                                          :        04 Civ. 6997 (GEL)
    -v.-                                :
                                          :        **OPINION AND ORDER**
UNIVERSAL STUDIOS, INC.,     :
UNIVERSAL PICTURE, INC., and  :
IMAGINE FILMS ENTERTAINMENT LLC,  :
                                           :
              Defendants.    :
                                           :
------------------------------------------------------------x

Gregory L. Hudson, Springfield Gardens, NY, *pro se*.

Richard Dannay, Thomas Kjellberg, Cowan, Liebowitz
& Latman, P.C., New York, NY, for defendants.

GERARD E. LYNCH, District Judge:

      The long history of this litigation is set forth in Hudson v. Universal Studios, Inc., No. 04 Civ. 6997, 2008 WL 4701488 (S.D.N.Y. Oct. 23, 2008) ("Hudson V"), and need not be repeated at length here. Briefly, Hudson has been suing defendants and others since 2002, in the Eastern District of New York and in this Court, contending that defendants' motion picture *Life* was plagiarized from his plays, *Bronx House* and *No Harm, No Foul*. In Hudson v. Universal Pictures Corp., No. 03-CV-1008, 2004 WL 1205762 (E.D.N.Y. Apr. 29, 2004) ("Hudson I"), aff'd, 128 F. App'x 178, 179 (2d Cir.2005) ("Hudson II"), the Eastern District dismissed his claims, finding that "no reasonable jury could find a substantial similarity between the protected elements of *No Harm, No Foul* and *Life*," and that the claim of similarity between *Bronx House* and *Life* was similarly "meritless." Hudson I at *4.

Undaunted, Hudson then filed suit in this Court. Initially, this Court dismissed his claims on grounds of res judicata. Hudson v. Universal Studios, Inc., No. 04 Civ. 6997, 2006 WL 1148695, at *1 (S.D.N.Y. Apr. 28, 2006) ("Hudson III"). The Court of Appeals affirmed the dismissal of Hudson's claims related to *No Harm, No Foul*, but vacated and remanded his claims related to *Bronx House* for further proceedings, finding some confusion in the record of Hudson II as to whether the *Bronx House* claims were properly before the court in that case. Hudson v. Universal Studios, Inc., 235 F. App'x 788, 790 (2d Cir. 2007) ("Hudson IV"). Those proceedings resulted in the finding on the merits in Hudson V that, just as Judge Block had held in Hudson II, Hudson's *Bronx House* claims, like his claims based on *No Harm, No Foul*, were without merit. 2008 WL 4701488, at *7.

Defendants now move for an award of attorneys' fees under 17 U.S.C. § 505.[1] The motion will be granted.

## DISCUSSION

Defendants seek an award of attorneys' fees and costs pursuant to § 505 of the Copyright Act. Under § 505, the Court "in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. An award of attorneys' fees is at the discretion of the district court, and prevailing defendants and plaintiffs are to be treated alike. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).

---

[1] Pursuant to Fed. R. Civ. P. 54(d)(2)(C), defendants' motion only addresses the issue of plaintiff's liability for defendants' fees and costs. See Williams v. Crichton, 891 F. Supp. 120, 122 (S.D.N.Y. 1994). Accordingly, defendants have not yet submitted documentation concerning the amount of fees and expenses incurred.

While there is no precise formula for determining whether an award of fees is appropriate, and bad faith is not a prerequisite to an award of fees under the Copyright Act, Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 51-52 (S.D.N.Y. 1994), courts exercising their discretion consider the equitable factors of "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Crescent Publ'g Group, Inc. v. Playboy Enters., 246 F.3d 142, 147 (2d Cir. 2001), quoting Fogerty, 510 U.S. at 534 n.19.  The Second Circuit has recognized that "objective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted" because "the imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 122 (2d Cir. 2001); see also Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006).  "This is because such attorney fee awards may chill litigation of close cases, preventing the clear demarcation of the boundaries of copyright law." Ariel (UK) Ltd. v. Reuters Group PLC, No. 05 Civ. 9646, 2007 WL 194683, at *1 (S.D.N.Y. Jan. 24, 2007), quoting Hofheinz v. AMC Prods., No. 00 Civ. 5827, 2003 U.S. Dist. LEXIS 16940, at *17 (E.D.N.Y. Sept. 1, 2003), citing in turn Fogerty, 510 U.S. at 527.

As noted above, among the factors to be considered in exercising the Court's discretion in this area, the objective unreasonableness of the plaintiff's claims should be accorded "substantial weight." Matthew Bender, 240 F.3d at 121-22.  "Indeed, a number of courts in this circuit have awarded attorneys' fees to prevailing defendants solely upon a showing that the

plaintiff's position was objectively unreasonable, without regard to any other equitable factor." Baker, 431 F. Supp. 2d at 357 (internal quotation marks omitted), citing Adsani v. Miller, No. 94 Civ. 9131, 1996 WL 194326, at *12-13 (S.D.N.Y. Sept. 19, 1996).

The mere fact that a defendant has prevailed, however, "does not necessarily equate with an objectively unreasonable claim." Ann Howard Designs, L.P. v. Southern Frills, Inc., 7 F. Supp. 2d 388, 390 (S.D.N.Y. 1998). "To hold otherwise would establish a per se entitlement of attorney's fees whenever issues pertaining to judgment are resolved against a copyright plaintiff. . . . This is not a correct construction of the law." Nicholls v. Tufenkian Import/Export Ventures, Inc., No. 04 Civ. 2110, 2005 WL 1949487, at *3 (S.D.N.Y. Aug. 11, 2005) (internal punctuation omitted). Similarly, the fact that a defendant has prevailed on a motion to dismiss or on summary judgment does not require the court to award fees. See, e.g., Brown v. Perdue, No. 04 Civ. 7417, 2006 WL 2679936 (S.D.N.Y. Sept. 15, 2006). However, if a copyright claim is "clearly without merit or otherwise patently devoid of legal or factual basis," that claim "ought to be deemed objectively unreasonable," Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd., No. 96 Civ. 4126, 2004 WL 728878, at *3 (S.D.N.Y. Apr. 6, 2004), and an award of fees and costs is then proper.

In this case, it is clear that plaintiff's claims with respect to *Bronx House* were objectively unreasonable. As the Court ruled in granting summary judgment,

> [a]fter reading the script for *Bronx House*, viewing the motion picture *Life*, and thoroughly analyzing plaintiff's supporting materials, it is clear that no substantial similarity exists between the two works. Any similarity between the two works exists only at the most general level, in that *Life* and *Bronx House* are both set in prisons and deal with the issue of wrongful incarceration. But these are similarities only in the ideas the works seek to represent, and thus are not protectable elements of artistic expression. . . .

> There is no substantial similarity in the total concept and feel, theme, setting, or plot of *Bronx House* and *Life*.

Hudson V, 2008 WL 4701488, at *4.

A review of the Court's opinion in Hudson V demonstrates that no reasonable person could have believed that the minor similarities, intrinsic to any drama of unjustified incarceration, warranted a conclusion that the two works were similar. Hudson's play, set in the 1990s, involves a politically-prominent white-collar offender who has to deal, over a week's imprisonment in the Bronx House of Detention, with violent gangs and other incidents of incarceration in a contemporary jail. Defendants' film, by contrast, is a largely comic drama set in a Mississippi prison, that deals with the life made by characters who are imprisoned for a period of sixty years. "In their major expressive elements, there is no similarity between the two works." Id. Here, as in Chivalry Film Productions v. NBC Universal, Inc., 05 Civ. 5627, 2007 WL 4190793, at *3 (S.D.N.Y. Nov. 27, 2007), the "complete lack of any reasonable basis for plaintiff's copyright claim thus establishes that his claim was frivolous and objectively unreasonable," and makes an award of fees appropriate.

Other factors also support an award of attorneys' fees. Hudson was or should have been aware, before commencing this action, that Judge Block had already expressed the view that any claim of similarity between *Bronx House* and *Life* was "meritless." Hudson I, 2004 WL 1205762, at *4. Moreover, he coupled his claims regarding *Bronx House* with similar claims regarding *No Harm, No Foul* that duplicated claims already authoritatively rejected in Hudson I and that were thus precluded by res judicata. See Hudson IV, 235 F. App'x at 790. Accepting that the *Bronx House* claims, as held by the Second Circuit, remained open, the clear and correct analysis of the claims regarding *No Harm, No Foul* in Judge Block's opinion, and the affirmance

5

of his decision by the Second Circuit in <u>Hudson II</u>, should have given a reasonable litigant a sufficient understanding of the proper nature of copyright claims to be able to recognize the unreasonableness of the claims Hudson continued to pursue regarding *Bronx House*. Although Judge Block rejected defendants' request for attorneys' fees in <u>Hudson I</u>, <u>see</u> Order of May 25, 2004, in Hudson v. Universal Pictures Corp., No. 03-CV-1008 (E.D.N.Y. May 25, 2004), the situation at that time was distinguishable, because Hudson's initial action was not informed by the prior rejection of Hudson's claims. Finally, rather than simply respond to defendants' motion for summary judgment on the merits of the *Bronx House* infringement claim, as the Court directed him to do on remand, Hudson submitted a frivolous motion to bar further proceedings on that motion, thus delaying resolution of the case and increasing defendants' costs. (See Docket Entries ## 40-45.) Whether or not Hudson's claims were subjectively in bad faith, his obsessive pursuit of claims already rejected, coupled with the objective unreasonableness of the claims advanced here, warrant the conclusion that the defendants deserve compensation, and that an award of fees here could deter others from bringing frivolous claims, without fear of deterring plaintiffs whose claims have potential merit.[2]

While an award of fees is appropriate here, defendants are not entitled to compensation for all of the costs of the litigation. This Court has already rejected a claim for attorneys' fees and costs for the first round of litigation here, see Order of June 21, 2006, and defendants cannot recover the costs incurred defending Hudson's appeal to the Second Circuit, which was found to have substantial merit, at least as applied to *Bronx House*. However, defendants do not appear to

---

[2] It should be noted as well that Hudson continues to pursue his claims even still, having filed a notice of appeal from this Court's judgment.

seek an award for anything other than the costs incurred in renewing their motion for summary judgment on remand. (D. Mem. 24.) Whether even these relatively modest fees estimated by defendants (id.) are reasonable remains to be determined.

Finally, it should be noted that there is likely a significant disparity in resources between the parties. Courts in this district have noted that a plaintiff's lack of resources is not relevant to *whether* an award of fees is appropriate, but that "financial disparities may be a factor considered in determining the magnitude of an award once it has been resolved that such an award is appropriate." Penguin Books, 2004 WL 728878, at *5. As defendants correctly point out, Hudson has not properly documented his financial status, and thus, even if his financial condition were relevant to whether to grant a fee award, the record at this point is insufficient to support a conclusion that Hudson cannot afford to pay any part of defendants' fees, particularly where the reasonable expenses incurred by defendants has not yet been determined.[3] Nevertheless, it is highly unlikely that Hudson has anything like the resources available to defendants, for whom defending copyright lawsuits is a (perhaps unfortunate) regular cost of doing business. This factor may well limit the amount of fees that should be awarded in this case. Further discussion of this issue, however, is best deferred until defendants have submitted documentation of their expenses, and plaintiff has had an opportunity to submit a sworn statement of his income and net worth.

---

[3] It should be noted that Hudson has not litigated this case, or his various appeals, *in forma pauperis*.

## CONCLUSION

For the foregoing reasons, defendants' motion for an award of reasonable costs and attorneys' fees pursuant to 17 U.S.C. § 505 is granted. Defendants are directed to submit documentation supporting their estimated bill of fees and costs no later than March 19, 2009. Plaintiff is directed to submit any objections to the amount of the fees no later than April 2, 2009. If plaintiff seeks a reduction in the amount of fees sought due to lack of resources, he should include a sworn statement of his financial status, addressing his annual income and overall assets and liabilities, along with his response.

SO ORDERED.

Dated: New York, New York
      March 4, 2009

GERARD E. LYNCH
United States District Judge